### LAZARUS v. STEINHARDT et al.

(Circuit Court of Appeals, Fifth Circuit.   November 7, 1904.)

#### No. 1,404.

1. FRAUDULENT CONVEYANCES—HOMESTEAD—EXEMPTION.

Where a debtor fraudulently conveyed certain of his assets to a corporation, which assets were subsequently seized by a receiver appointed in a creditors' suit, and in equity belonged, first, to the creditors of such corporation, and, second, to certain other creditors, the debtor's wife was not entitled to the deduction of a homestead exemption from the proceeds thereof, which was insufficient to pay the debts.

Appeal from the Circuit Court of the United States for the Southern District of Georgia.

The following is the opinion of the District Judge:

SPEER, District Judge. This case originated in a proceeding filed by the creditors of Max Lazarus to subject certain assets, which they claim belonged to him, which they found in the hands of an alleged corporation called the Lazarus Jewelry Company. The complainants, some of them had

judgment liens, and I believe were open-contract creditors. A bill was filed, and after a full hearing it was adjudged that the property in question was subject to the claims of the creditors. In the meantime it had been taken possession of by a receiver. The property thus adjudged to be subject is held by a receiver for the benefit of the creditors. The title to this property was a qualified title, it is true, but it was for all essential purposes a legal title in the hands of the receiver, with the obligation on his part, under the orders of the court, to distribute it to the creditors. The charter of the Lazarus Jewelry Company was not annulled. That is evident from the fact that in the order of distribution the court directed that claims held by the creditors of the Lazarus Jewelry Company and by creditors of Max Lazarus should be ratably satisfied. In the meantime counsel of Mrs. Rosalie, the wife of Max Lazarus, applied for a homestead to be set apart out of that fund. The petition is in the record, and it fully sets out the grounds, subsequently submitted to the ordinary, and on those grounds, after full argument, the court felt obliged to deny the exemption sought by Mrs. Lazarus. A decision having been made by the court (In re Thompson [D. C.] 115 Fed. 924) which, in the opinion of the learned counsel for Mrs. Lazarus, seemed to vary somewhat from the decision which I have just referred to, he made application to the court to withhold the distribution of the assets and to preserve the status of the property until he could go before the ordinary, who has original jurisdiction, and make application for an exemption conformably to the laws of Georgia. The chancellor, with that deference which is always due to that sex which is perhaps incorrectly termed the "weaker sex," complied with the wish of the learned counsel and held the assets, and permitted the counsel for Mrs. Lazarus to go before the ordinary, but at the same time directed the receiver to go there also and look after the interests of the trust. The hearing was had before the ordinary, and, so far as the technical requisites of the law of Georgia were involved, that official held that Mrs. Lazarus was entitled to a homestead. So she is so far as the record now submitted to the court discloses, and the decision of the ordinary therefore seems to be right. Armed and equipped with the judgment of the ordinary, the learned counsel now apply to this court with a request that a portion of the trust funds in the hands of the receiver for the benefit of the creditors shall be appropriated for the purpose of making good the decision of the ordinary. Now, if that fund was the property of Max Lazarus, unquestionably the court would comply with the wishes of counsel and of Mrs. Lazarus, but, because of the conduct of Max Lazarus as developed by the proceedings before this court, this has become a trust fund, the title to which is in the creditors. He, therefore, has no title whatever to the fund, and the court with great reluctance feels obliged to disallow the claim of Mrs. Lazarus to homestead therein. It is said that the court took a different view of this subject in Re Thompson (D. C.) 115 Fed. 924. The substance of that case, as disclosed in the headnote, is as follows:

"Under the provision of Code Ga. § 2830, which declares that 'a debtor guilty of wilful fraud in the concealment of part of his property from his creditors, of which he is possessed when he seeks the benefit of the exemption' shall lose the benefit of such exemption, a bankrupt cannot be denied the right to his homestead exemption because he once conveyed the land claimed to his wife, in a vain attempt to evade a debt, where it was reconveyed prior to the bankruptcy proceedings and was scheduled by him as his property."

The distinction between that case and this is very obvious. If Mr. Lazarus had reconveyed or secured reconveyance of the property, which he fraudulently conveyed to the Lazarus Jewelry Company, to his wife, notwithstanding the original fraud which he had committed, and she, after the reconveyance, had sought to have a homestead set apart in that property, the fraud thus being atoned, it would be competent for the court to set it apart, as it did in Re Thompson. But there was no such reconveyance here. The property is just where Lazarus left it, and where the decision of the court put it, and where we find it when we come to make this decision.

For these reasons, we are constrained to deny the application of Mrs. Rosalie Lazarus.

John R. L. Smith, for appellant.

Jno. P. Ross, Isaac Hardeman, Geo. S. Jones, Clem P. Steed, and A. L. Miller, for appellees.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. According to the record, the fund in the hands of the lower court, and out of which Mrs. Max Lazarus, the appellant, claims a homestead, belongs in equity, first, to the creditors of the Lazarus Jewelry Company, and, second, to the complaining creditors in Steinhardt v. Max Lazarus and the Lazarus Jewelry Company. For this reason, and because there is not enough to go around and leave any fund applicable to the Lazarus homestead, the ruling of the Circuit Court was correct, and the decree appealed from is affirmed.